IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:03-cr-30113-5 |
| v.  ) | |
| ) | By: Elizabeth K. Dillon |
| CHARLES PULTZ ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Charles Pultz, proceeding *pro se*, filed a motion for compassionate release due to COVID-19 and various health issues. (Dkt. Nos. 401.) Pursuant to Standing Order 2019-1, the court appointed the Federal Public Defender to represent Pultz. (Dkt. No. 402.) The FPD filed an amended motion (Dkt. No. 405), the government responded (Dkt. Nos. 412, 415), and the FPD filed a reply (Dkt. No. 416).

The court finds that a hearing is not necessary to resolve Pultz's motion, which will be denied for the reasons stated below.

I.  BACKGROUND

In 2003, Pultz was charged with conspiracy to distribute more than 500 grams of cocaine powder and more than 500 grams of methamphetamine. Pultz was also charged with using a firearm in relation to a drug trafficking crime. Pultz pled guilty to the lesser included charge of distributing more than 50 grams of cocaine and methamphetamine and to the firearm charge. The plea agreement included Pultz's acknowledgement that he brandished the firearm and his agreement that he was responsible for between 350 and 500 grams of methamphetamine. The government agreed to a reduction for acceptance of responsibility and an opportunity to earn a substantial assistance motion.

Pultz's Presentence Report (PSR) reflected a base offense level of 30 and a three-level reduction for acceptance of responsibility, for a total offense level of 27. (Dkt. No. 403 at 9.) Pultz's criminal history category of VI, combined with the offense level, corresponded to a guideline range of 130 to 162 months, and a mandatory statutory term of 84 months on the firearm charge.

On August 26, 2004, the district court imposed a total sentence of 214 months, consisting of 130 months on the drug charge and 84 months on the firearm charge, to run consecutively. The sentence included four years of supervised release, to run concurrently. Pultz did not appeal.

On April 8, 2015, the court entered an order reducing Pultz's sentence under Amendment 782 to 110 months on count one, the drug charge. (Dkt. No. 234.) This order did not impact the consecutive 84-month sentence, leaving the total term of imprisonment at 194 months.

In addition to these crimes, Pultz's criminal history includes Virginia convictions for statutory burglary and grand larceny (1982); grand larceny-Auto (1982); defective equipment (1982); petty larceny and assault and battery (1983); statutory burglary (1982); possession of marijuana with intent to distribute (1986); assault and cursing (1986); driving under the influence (1986); driving on a suspended operator's license (1987 and 1988); conspiracy to distribute and distribution of marijuana (1990); assault and battery (1996, 1997, and 1999); improper driving (1999); receiving stolen property and possession of methamphetamine (2000); possession of marijuana (2000); possession of controlled paraphernalia (2000); grand larceny (2003); conspiracy to commit grand larceny (2001); and failure to appear-felony (2003). (*See* PSR.)

Pultz is currently incarcerated at FCI Fort Dix, a low security institution with an adjacent minimum-security satellite camp in New Jersey. Pultz's projected release date is October 2, 2022. He is eligible for home detention on April 2, 2022. (Dkt. No. 412-1.)

Pultz requests release due to the presence of COVID-19 at FCI Fort Dix, combined with several health issues, including type II diabetes, severe obstructive sleep apnea, obesity, hypertension, diverticulosis of colon, colonic polyps, and a past history of hepatitis C and spinal stenosis. In particular, Pultz seeks relief based on his hypertension, type II diabetes, obstructive sleep apnea, and obesity.

## II. ANALYSIS

### A. Compassionate Release Under the First Step Act

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). Therefore, a

3

court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.*

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since Pultz made a request for a sentence reduction at his BOP facility, and the government does not contest exhaustion. Therefore, the court finds that Pultz has exhausted his administrative remedies. *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

**C. Extraordinary and Compelling Reasons**

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). The government does not contest that two of Pultz's health conditions—type II diabetes and obesity—make him susceptible to severe complications if he

4

were to contract COVID-19. The court notes, however, that as of May 24, 2021, FCI Fort Dix was not reporting any active cases of COVID-19. Further, there is no information in the record pertaining to Pultz's vaccination status.

### D. Section 3553(a) Factors

Even if the court were to conclude that extraordinary and compelling reasons were present in this case, the court would still deny Pultz's motion based on the § 3553(a) factors. The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The court considers these factors holistically, and no one factor is dispositive. *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 (4th Cir. April 1, 2021).

Pultz committed serious crimes, has a lengthy criminal history, and received an appropriately lengthy sentence of 294 months (16 years). Of note, Pultz was "responsible for or had reasonable foreseeable knowledge of the distribution of over 5 kilograms of methamphetamine." (PSR at 10.) Regarding the firearm charge, Pultz and his co-defendants responded to a supplier ending their business relationship as follows:

> On August 16, 1999, [Janet] Thompson met with Michael Veneziale, John Reedy, Jr. and Charles and Marlene Pultz at her residence in Waynesboro concerning the theft by [Joshua] Williams. The group traveled in separate vehicles to Williams' residence where they confronted and threatened him with firearms. Thompson informed Williams that she would kill him if the debt were not settled. The group took methamphetamine and personal

>property valued at approximately $40,000 from Williams to satisfy the debt.

(PSR at 9.)  This is dangerous criminal conduct from which the public should be protected.  Pultz is 58 years old, which is not too old to engage in further criminal activity.  Pultz should also serve the balance of his sentence to reflect the seriousness of his offenses, promote respect for the law, and to provide just punishment.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Pultz's motion for compassionate release, as amended, (Dkt. Nos. 401, 405) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel.

Entered: May 26, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge